UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BANKRUPTCY DIVISION

| | |
|---|---|
| In Re: ) | Chapter 11 |
| ROBERT J. SPENLINHAUER ) | Case No. 13-17191-JNF |
| Individually and as Trustee and Beneficiary ) | |
| of RJS Realty Trust, Trustee and Beneficiary) | |
| of C.C. Canal Realty Trust, Trustee and ) | |
| Beneficiary of Classic Auto Realty Trust ) | |
| Debtor ) | |

-------------------------------------------------------

NOTICE OF INTENDED PRIVATE SALE OF REAL ESTATE
LOCATED AT 90 AND 90A INDUSTRIAL PARK ROAD, HINGHAM,
MASSACHUSETTS, SOLICITATION OF HIGHER OFFERS, DEADLINE FOR
SUBMITTING OBJECTIONS AND HIGHER OFFERS AND HEARING DATE

FEBRUARY 17, 2015 OR THE 20TH DAY AFTER APPROVAL OF THIS COURT, WHICHEVER IS LATER    IS THE DATE OF THE PROPOSED SALE

 January 20, 2015    IS THE DATE BY WHICH OBJECTIONS OR HIGHER OFFERS MUST BE MADE

NOTICE is hereby given, pursuant to 11 USC § 363(b)(1) and (f), Fed. R. Bankr. P. 2002(a)(2) and 6004, and MLBR 2002-5 and 6004-1, 6004-(1)(a) that the Debtor intends to sell at private sale the Debtor's right, title and interest in certain property.

PROPERTY TO BE SOLD:

Commercial real estate located at 90 and 90A Industrial Park Road, Hingham, Massachusetts [1](the "Real Estate").  The Real Estate is owned by RJS Realty Trust of which Mr. Spenlinhauer is a Trustee and Beneficiary.

THE OFFER:

An offer to purchase the Real Estate has been received for the sum of Five Million, Two Hundred Thousand ($5,200,000.00) Dollars payable as follows: A $10,000.00 deposit has been paid, a further payment of $100,000.00 upon execution of the purchase and sale agreement and the balance at the closing.

---

[1]  The Real Estate consists of approximately 9 acres of land with a vacant building thereon containing approximately 61,220 square feet of rentable space.

THE PROPOSED BUYER:

Mark Blotner is the proposed buyer (the "Proposed Buyer").  The Proposed Buyer has no relationship to the Debtor or any party in this case.

THE SALE DATE:

The sale shall take place on or after February 17, 2015 or the 20th day after approval of the sale by the Court, whichever is later.  As indicated above, the Proposed Buyer has paid a deposit in the sum of $10,000.00, and will pay another $100,000.00 upon the execution of a purchase and sale agreement and the balance on the closing date.  The terms of the proposed sale are more particularly described in a Motion for Order Authorizing and Approving Private Sale of Real Estate of the Estate (the "Motion to Approve Sale") filed with the Court contemporaneously herewith.  The Motion to Approve Sale, the offer and the purchase and sale agreement are available at no charge upon request from the undersigned.

SALE FREE AND CLEAR OF LIENS:

The Real Estate will be sold free and clear of all liens, claims and encumbrances including but not limited to the lien of Sutherland Asset I, LLC, Successor in Interest to Rockland Trust Company.  Any perfected, enforceable valid liens, shall attach to the proceeds of the sale according to priorities established under applicable law.  The following will be paid at the closing without further order of this Court:

A. Real estate taxes and other municipal obligations due or that may become due to the Town of Hingham for real estate taxes and other municipal obligations to the date of the sale shall be paid directly to the Town of Hingham or the Buyer as part of the closing adjustments.  The amount due to the Town of Hingham is $107,234.18 as of December 22, 2014;

B. Documentary tax stamps as well as, Seller's customary recording expense;

C. Brokers fees in the amount of 6% of the purchase price or $312,000.00 payable to Denenberg Realty Group, Inc.;

   D. The balance of the sale proceeds will be held in escrow by Counsel to the Debtor pending resolution of the allowed amount of the secured claim of Sutherland Asset I, LLC, successor in interest to Rockland Trust Company.

CONTINGENCIES:

  A. Approval of this Court;

  B. Conveyance of good and clear record and marketable title to the Real Estate, free and clear of all liens, claims and encumbrances;

  C. Satisfactory building and site inspection during the due diligence period.[2]

  D. There is no financing contingency.

HIGHER OFFERS OR OBJECTIONS:

Any objections to the sale and/or higher offers must be filed in writing with the Clerk, United States Bankruptcy Court, John W. McCormack Post Office and Courthouse, 5 Post Office Square, Suite 1150, Boston MA 02109-3945 on or before __January 20__, 2015 at 4:30 PM (the "Objection Deadline"). A copy of any objection or higher offer also shall be served upon the undersigned. Any objection to the sale must state with particularity the grounds for the objection and why the intended sale should not be authorized. Any objection to the sale shall be governed by Fed. R. Bankr. P. 9014.

Through this Notice, higher offers for the Real Estate are hereby solicited. Any higher offer must be at least 5% greater than the offer of $5,200,000.00 or at least $5,460,000.00. Any higher offer must be accompanied by a cash deposit of $110,000.00 in the form of a certified or bank check made payable to the undersigned as Counsel to Robert J. Spenlinhauer. Higher offers must be on the same terms and conditions provided in the Motion for Sale and herein, other than the higher purchase price.

---

[2] The Due Diligence Period is described in the offer as the later of sixty (60) days after this offer was executed (December 17, 2014) or the 20th day after the Bankruptcy Court approves the sale, whichever is later.

HEARING:

A hearing on the Motion to Approve Sale, objections or higher offers is scheduled to take place on _____January 27_____, 2015 at _11:00_ AM/~~PM~~ before the Honorable Joan N. Feeney, United States Bankruptcy Judge, Courtroom 1, 12th Floor, John W. McCormack Post Office and Courthouse, 5 Post Office Square, Boston Massachusetts.  Any party who has filed an objection or higher offer is expected to be present at the hearing, failing which the objection may be overruled or the higher offer stricken.  The Court may take evidence at any hearing on approval of the sale to resolve issues of fact.  If no objection to the Motion to Approve Sale or higher offer is timely filed, the Court, in its discretion, may cancel the scheduled hearing and approve the sale without hearing.

At the hearing on the sale the Court may 1) consider any requests to strike a higher offer; 2) determine further terms and conditions of the sale, 3) determine the requirements for further competitive bidding, and 4) require one or more rounds of sealed or open bids from the original offeror and any other qualifying offeror.

DEPOSIT:

The deposit will be forfeited to the estate if the successful purchaser fails to complete the sale by the date ordered by the Court.  If the sale is not completed by the buyer approved by the Court, the Court, without further hearing, may approve the sale of the Real Estate to the next highest bidder.

Any questions concerning the intended sale shall be addressed to the undersigned.

                                              Robert J. Spenlinhauer
                                              By his Counsel,


Dated: December 22, 2014              /s/Gary W. Cruickshank, Esq.
                                              21 Custom House Street
                                              Suite 920
                                              Boston, MA 02110
                                              (617) 330-1960
                                              gwc@cruickshank-law.com
                                              (BBO107600)