UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**ROBERT J. SPENLINHAUER,**   Chapter 11
   Debtor   Case No. 13-17191-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## MEMORANDUM

Whereas, this Court conducted an evidentiary hearing on September 17, 2018; and

Whereas, at the conclusion of the hearing, the Court entered the following order:

Upon consideration of the Trustee's Motion for Contempt Order and Related Sanctions against the Debtor, Eric Josephson and Jackson Hole Classic Cars, LLC (the "Respondents") for Defying Court Order, the Court having found the Respondents in contempt for failing to comply with the Court's orders to deliver non-exempt assets of the chapter 7 estate, including vehicles, boats, keys, and registration documents to the trustee (see Memorandum and Orders at Docket Nos. 1510, 1570 and 1571) and the evidence presented at the evidentiary hearing held on this date on the appropriate remedies for the Respondents' contempt, the Court finds and rules as follows. Both the Debtor and Josephson continue to flagrantly disobey this Court's orders without cause or justification. The pendency of appeals of orders which have not been stayed is not a sufficient reason for their continued refusal to comply with the orders. The Trustee and her counsel have spent considerable time and effort in rendering services to attempt to obtain compliance with the Court's orders. Accordingly, the Court orders the Respondents to pay the estate for legal fees and expenses it has incurred in attempting to coerce the Respondents into compliance with the Court's orders, namely the sum of $18,982, as set forth in the Trustee's Affidavit introduced into evidence at the evidentiary hearing. This order is without prejudice to the Trustee and her counsel seeking further contempt sanctions in the event the Respondents continue to defy the Court's orders. *The Trustee is ordered to immediately and forthwith collect all non-exempt assets of the estate in the possession of the Respondents and file a status report as to the seizure of the assets on or before September 25, 2018.* In the event the Respondents continue to disobey the Court's orders after this

1

date, the Court will consider entry of orders of arrest and incarceration by the U.S. Marshals Service to coerce compliance with the Court's orders as a further contempt sanction. Based upon the Debtor's testimony as to available sources of revenue and based on the lack of any credible testimony as to Josephson's assets, liabilities, income and expenses, the Court orders the Respondents to jointly and severally pay the monetary sanctions in the amount of $18,982 to the Trustee within 90 days from the date of this order. The Trustee shall file a statement of compliance within 7 days thereafter;

and

Whereas, two days later, on September 19, 2018, the Debtor filed a Motion for Partial Relief from Judgment and Request for Emergency Consideration (the "Motion for Partial Relief") with respect to the Court's September 17, 2018 order in which he represented that he was residing in a 2005 Holiday Rambler Endeavor (the "Camper"), located in Parsonsfield, Maine, and that, if the Trustee took possession of the Camper, which he admitted was not an exempt asset of his bankruptcy estate, he would be homeless; and

Whereas, in his Motion for Partial Relief, the Debtor also sought retention of a non-exempt 2015 Chevrolet Silverado Pickup truck, because he required dependable transportation "since he is approximately 20 minutes from the nearest store and would be unable to walk thereto to in order to obtain necessary groceries and supplies;" and

Whereas, in the Motion for Partial Relief, the Debtor also sought relief on behalf of Erik Josephson ("Josephson"), specifically permission for him to use a 2011 Chevrolet

Pickup truck, as well as a trailer which already was in the possession of the Trustee's professional, Paul E. Saperstein Company;[1] and

Whereas, the Debtor stated that the reasons advanced for the "carve-out" from the Court's order requiring the Trustee to immediately collect all non exempt assets of the Debtor's bankruptcy estate from him and Josephson constituted "any other reason that justifies relief" from a final judgment, order, or proceeding under Fed. R. Civ. P. 60(b)(6), made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9024;[2] and

Whereas, on September 19, 2018, the Court entered the following order:

> The requested relief in the Motion, that the Trustee not collect non-exempt assets of the estate because such assets "are necessary for the survival of [the Debtor] and his family," is expressly contrary to the Trustee's duties

---

[1] The Chapter 11 Trustee commenced an action against Josephson and Jackson Hole Classic Cars, LLC ("JHCC"), a Montana limited liability company of which Josephson was the sole member and manager for the avoidance of fraudulent transfers made to JHCC by the Debtor (Adv. P. No. 16-1138). After moving to dismiss the complaint against Josephson, individually, she obtained, in her capacity as Chapter 7 Trustee, a judgment against Jackson Hole Classic Cars, LLC and, inter alia, an order that JHCC Vehicles were to be titled her her name as estate representative.

[2] According to the United States Bankruptcy Appellate Panel for the First Circuit in Ross v. Garcia (In re Garcia), 532 B.R. 173 (B.A.P. 1st Cir. 2015),

> A movant pursuing a Rule 60(b)(6) claim "faces formidable hurdles." Simon v. Navon, 116 F.3d 1, 5 (1st Cir. 1997). "Rule 60(b)(6) motions should be granted only where exceptional circumstances justifying extraordinary relief exist. . . .
>
> [D]istrict courts have broad discretion to determine whether such circumstances exist. Additionally, a 60(b)(6) movant must make a suitable showing that the movant has a meritorious claim." Ahmed v. Rosenblatt, 118 F.3d at 891 (citations omitted).

In re Garcia, 532 B.R. at 182.

3

under 11 U.S.C. Sec. 704(a). Moreover, the requested relief is not supported by any legal authority and does not meet the threshold for relief imposed by Fed. R. Civ. P. 60(b)(6), made applicable hereto by Fed. R. Bankr. P. 9024. Moreover, the Debtor's request is merely a reiteration of prior arguments made by the Debtor at the evidentiary hearing held on 09/17/18. See generally, Giroux v. Fed. Nat. Mortg. Ass'n, 810 F.3d 103, 108 (1st Cir. 2016). Accordingly, the Motion is denied.

The Debtor and his counsel are ordered to show cause in writing within 7 days of the date of this order why they should not be sanctioned under Fed. R. Bankr. P. 9011(c) for filing this Motion in violation of their obligations under Fed. R. Bankr. P. 9011(b);

and

Whereas, on September 26, 2018, the Debtor and his counsel filed a Response to the Court's order to show cause in which they purported to distinguish Giroux v. Fed. Nat. Mortg. Ass'n, 810 F.3d 103, 108 (1st Cir. 2016) (a Rule 60(b) motion is not as a substitute for a timely appeal), because the Motion for Partial Relief was filed within the appeal period instead later as was the case in Giroux and because extraordinary relief was warranted to avoid the Debtor becoming homeless and Josephson losing a means of transportation; and

Whereas, counsel to the Debtor also averred that the Motion for Partial Relief "was not presented for any improper purpose," was not "submitted to cause unnecessary delay since it was filed approximately 48 hours after September 17, 2018," was not submitted to cause a needless increase in the total cost of litigation," and was not intended to thwart or hinder the Trustee's duties under 11 U.S.C. § 704(a); and

Whereas, counsel to the Debtor and the Debtor averred that the Motion for Partial Relief was not frivolous because "[t]here is a possibility that the tax court case being

4

pursued by Mr. Spenlinhauer may be resolved in his favor," and "this could possibly be a surplus case;" and

Whereas, counsel to the Debtor and the Debtor also contended that Motion for Partial Relief was meritorious, that counsel was zealously asserting his client's position, and that he "did not cross the line into an area that could lead to sanctions;" and

Whereas, Bankruptcy Rule 9011(c) permits the bankruptcy court to impose sanctions in the event subsection (b) of the rule has been violated; and

Whereas, Rule 9011(b) provides in pertinent part:

(b) Representations to the Court.

By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; . . .

Fed. R. Bankr. P. 9011; and

Whereas, in <u>Hermosilla v. Hermosilla (In re Hermosilla)</u>, 450 B.R. 276 (Bankr. D. Mass. 2011), *aff'd,* No. MB 11-045, 2011 WL 6034487 (B.A.P. 1st Cir. Nov. 14, 2011), Judge Hillman observed:

> Under Fed. R. Bankr. P. 9011, the focus is not whether the claim asserted was frivolous, but whether the attorney conducted an adequate inquiry into the facts and law before filing the claim. "Put bluntly, a pure heart no longer excuses an empty head." The First Circuit has explained that:
>
>> Prior to signing a pleading, a litigant must fulfill the "affirmative duty to conduct a reasonable inquiry into the facts and the law." [<u>Business Guides, Inc. v. Chromatic Communications Enterps., Inc.</u>, 498 U.S. 533, 111 S.Ct. 922, 933, 112 L.Ed.2d 1140 (1991)]. Whether or not this duty has been breached depends on the objective reasonableness of the litigant's conduct under the totality of the circumstances. *See* <u>id.</u>; *see also* <u>Lancellotti v. Fay</u>, 909 F.2d 15, 18–19 (1st Cir. 1990).
>>
>> To determine whether a litigant made a reasonable inquiry into the facts, the district court should examine all the circumstances, including the complexity of the subject matter, the party's familiarity with it, the time available for inquiry, and the ease (or difficulty) of access to the requisite information. *See* <u>Brown v. Federation of State Medical Bds.</u>, 830 F.2d 1429, 1435 (7th Cir. 1987); <u>Century Prods., Inc. v. Sutter</u>, 837 F.2d 247, 250–51 (6th Cir. 1988); <u>Thomas v. Capital Sec. Servs., Inc.</u>, 836 F.2d 866, 875 (5th Cir. 1988) (en banc); *see also* Fed. R. Civ. P. 11, Advisory Committee's Notes, 97 F.R.D. 198, 199 (1983). Litigants, like counsel, are to be held "to standards of due diligence and objective reasonableness-not perfect research or utter prescience." <u>Maine Audubon [Soc. v. Purslow]</u>, 907 F.2d [265,] 268 [1st Cir. 990]. Furthermore, for Rule 11 purposes, a party's pleading must be judged on the basis of what was reasonable when the pleading was filed rather than in hindsight. *See* <u>Cruz v. Savage</u>, 896 F.2d 626, 631 (1st Cir. 1990); <u>Davis v. Crush</u>, 862 F.2d 84, 88 (6th Cir. 1988).
>>
>> With this in mind, it is clear that "[a] violation of Rule 11 . . . might be caused by inexperience, incompetence, willfulness, or deliberate choice."

In re Hermosilla, 450 B.R. at 290–91 (footnotes omitted),[3]

Now, therefore, in view of the foregoing authorities, the Court concludes that the Motion for Partial Relief was frivolous and violated Fed. R. Bankr. P. 9011(b)(2). While counsel to the Debtor and the Debtor emphasize the Debtor's potential homelessness in the response to the order to show cause, they do not address the request to provide him with the use of a valuable 2015 Chevrolet Silverado pickup truck or the requests made on behalf of Josephson who is not represented by counsel to the Debtor. In the Response to the order to show cause, counsel to the Debtor does not cite a single case or any legal authority that could possibly permit this Court to allow the Chapter 7 Debtor, let alone Josephson, a non-debtor and sole member and manager of JHCC against which a default judgment has entered avoiding fraudulent transfers made to it by the Debtor, to utilize property of the bankruptcy estate for their personal benefit without so much as an offer to the Chapter 7 Trustee to pay for such use or to provide insurance for the Camper and the vehicles.

> As the court recognized in In re Moon, 258 B.R. 828 (Bankr. N.D. Fla. 2001),
>
> The primary duty of a Chapter 7 trustee is to collect and reduce to money the property of the estate as is compatible with the best interest of the parties at interest. In re Feinstein Family Partnership, 247 B.R. 502 (Bankr. M.D. Fla. 2000). While collecting and reducing to money the property of the estate, it is the trustee's main duty to do so as expeditiously as possible. *See* Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson), 5 F.3d 750, 753 (4th Cir. 1993). A bankruptcy trustee is a fiduciary of the estate's creditors, and his duty to collect and conserve the assets of the estate and to

---

[3] *See also* Reither v. Goduti (In re Reither), No. 17-13815-JNF, 2018 WL 5310658, at *13–14 (Bankr. D. Mass. Oct. 25, 2018).

> maximize distribution to the creditors is a fiduciary obligation. In re Melenyzer, 140 B.R. 143, 154 (Bankr. W.D. Tex. 1992). A bankruptcy trustee may be held personally liable for a breach of his fiduciary duty. United States, et al. v. Grant, et al. (In re George Schumann Tire and Battery Co., Inc.), 145 B.R. 104, 107 (Bankr. M.D. Fla. 1992) citing to Mosser v. Darrow, 341 U.S. 267, 71 S.Ct. 680, 95 L.Ed. 927 (1951). "Such liability may attach as a result of negligent . . . violations of the fiduciary duties." In re San Juan Hotel Corp., 847 F.2d 931 (1st Cir. 1988).

In re Moon, 258 B.R. at 832. *See also* In re NSCO, Inc., 427 B.R. 165, 174 (Bankr. D. Mass. 2010) ("Bankruptcy trustees are fiduciaries and the obligations imposed on them in administering bankruptcy estates are fiduciary obligations . . . It is also incumbent upon the Bankruptcy Court to ensure the administration of the estate in an efficient and economical manner, and the protection of the assets of the estate from depletion."). To repeat, counsel to the Debtor cited no authority for the relief requested in the Partial Relief which, if granted, would have the effect of authorizing a breach of the Trustee's fiduciary duties under § 704(a). Accordingly, the Court shall enter an order sanctioning the Debtor and his counsel, jointly and severally, in the sum of $1,500 for filing a frivolous pleading.

By the Court,

*/s/ Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: November 2, 2018